**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AUSTIN CREWS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>ROSHAL IMAGING INC. | Case No.:  4:23-cv-473<br><br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Roshal Imaging does not pay overtime to its Ultrasound Technologists. Instead, it sometimes pays these workers a salary and at other times it pays them a day rate. Under either pay scheme, however, Roshal Imaging fails to pay Ultrasound Technologists overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Austin Crews and other similarly situated workers, Crews brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Crews' claim occurred in this district.

### THE PARTIES

4. Roshal Imaging employed Crews as an Ultrasound Technologist.

5. Roshal Imaging is a diagnostic imaging company headquartered in Katy, Texas that employs on-demand ultrasound technologists "who can cover and service shifts at all hours of the day

or night" with average "turnaround times" of "less than 35 minutes, nationwide." *See* Diagnostic Imaging Solutions | Roshal Imaging Services (last accessed Feb. 8, 2023).

6. At all relevant times, Roshal Imaging, or the enterprise of which it is a part, had gross annual revenues that exceeded $1M.

7. Roshal Imaging employed and/or jointly employed Crews and the Class Members to operate ultrasound equipment in hospitals.

8. Roshal Imaging paid Crews a salary without overtime pay from the beginning of his employment in 2017 until November 2022.

9. In November 2022, Roshal Imaging began paying Crews a day rate with no overtime pay.

10. Roshal Imaging continued to pay Crews a day rate until the last day of his employment in late 2022.

11. Crews was typically on call 7 days per week, 24-hours per day.

12. Crews provided ultrasound services for several facilities in the areas Roshal Imaging assigned him to cover.

13. When Crews was on call, Roshal Imaging would send him to the facility requesting ultrasound services.

14. The hours Crews worked per week varied depending on the workload, but he was required to report for duty at the facility requesting his services at any time of the day or night within 35 minutes.

15. Depending on the workload, Crews typically worked 60-120 hours per week.

16. Roshal Imaging employes between 100-200 Ultrasound Technologists who perform job duties similar to Crews.

17.     Roshal Imaging pays these workers either a salary or a day rate, but always without overtime pay required by the FLSA, even though they typically work many hours in excess of forty in a workweek.

18.     Crews' written consent to be a party plaintiff is attached as Exhibit 1.

19.     Crews seeks to represent a class of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All salaried and/or day rate Ultrasound Technologists employed during the last three years (the "Class Members").**

### FACTS

20.     At all times hereinafter mentioned, Roshal Imaging has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21.     At all times hereinafter mentioned, Roshal Imaging has been an enterprise or part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22.     At all times hereinafter mentioned, Roshal Imaging has been, or has been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and has had annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23.     Roshal Imaging, at all relevant times, has had employees that handle, sell, or work on computers, phones, ultrasound machines, office equipment, and safety equipment that was produced for interstate commerce or was moved in interstate commerce by any person.

24.     Roshal Imaging knew Crews and the Class Members worked more than 40 hours in a workweek.

25. Roshal Imaging knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

26. Nonetheless, Roshal Imaging failed to pay Crews and the Class Members overtime.

27. Roshal Imaging willfully violated the FLSA.

## CAUSE OF ACTION

28. By failing to pay Crews the Class Members overtime at one-and-one-half times their regular rates, Roshal Imaging violated the FLSA's overtime provisions.

29. Because Roshal Imaging knew, or showed reckless disregard for whether, its pay practice violated the FLSA, Roshal Imaging owes these wages for the past three years.

30. Roshal Imaging owes Crews and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

31. Crews and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

32. WHEREFORE, Crews seeks relief against Roshal Imaging as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding Roshal Imaging liable for unpaid back wages due to Crews and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest;

and

d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
**Attorneys for Crews**

- 5 -